UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEAN NASCA and MICHELLE NASCA, *as Administrators of the Estate of* CHASE NASCA, DEAN NASCA, and MICHELLE NASCA, *individually*,<br><br>Plaintiffs,<br><br>v.<br><br>BYTEDANCE LTD.; BYTEDANCE INC.; TIKTOK INC,<br><br>Defendants. | Case No. 24-cv-2061<br><br>Removal from the Supreme Court of the State of New York, County of Suffolk<br><br>Index No. 607250/2023 |

## **DEFENDANTS BYTEDANCE INC. AND TIKTOK INC.'S NOTICE OF REMOVAL**

Defendants ByteDance Inc. and TikTok Inc. (collectively, the "TikTok Defendants") hereby remove the above-styled action from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as well as Local Civil Rule 81.1, based on the below facts, which show that this case may properly be removed to this Court.

### BACKGROUND

1. This action is one of several lawsuits filed against companies offering various communication services that allow users to create, share, and view content with other users, based on alleged harms stemming from the use of those companies' communication services. The Judicial Panel on Multidistrict Litigation (JPML) formed a multidistrict litigation ("the MDL") to coordinate these actions. The MDL involves various defendants such as Meta Platforms, Inc., Instagram LLC, Snap, Inc., YouTube LLC, Google LLC, Alphabet Inc., and the TikTok

Defendants and was established to centralize actions sharing common factual questions "arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents." *In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, ("*In re Soc. Media*"), 637 F. Supp. 3d 1377, 1378 (J.P.M.L. Oct. 6, 2022).

2. On October 18, 2022, Plaintiffs filed suit against TikTok Inc. and an affiliated company, ByteDance Inc., in the United States District Court for the Northern District of California. *Nasca v. ByteDance Inc.*, No. 22-cv-06134-YGR, Dkt. 1 (N.D. Cal. Oct. 18, 2022) ("MDL Compl."). Plaintiffs brought strict products liability, negligence, unjust enrichment, and invasion of privacy claims based on allegations "that TikTok is addictive and directs vulnerable users to highly dangerous and harmful videos" and that TikTok "fail[ed] to provide adequate warnings to minor users and their parents" about the purported dangers of the social media platform. *See id*. ¶ 5.

3. On October 20, 2020, the originally filed *Nasca* case was reassigned to Judge Yvonne Gonzalez Rogers for inclusion in the newly created MDL styled as *In re Soc. Media*, No. 22-md-03047-YGR (N.D. Cal. Oct. 6, 2022), consistent with the JPML's Transfer Order. *See In re Soc. Media,* 637 F. Supp. 3d 1377 (J.P.M.L. Oct. 6, 2022).

4. Plaintiffs thereafter voluntarily dismissed their lawsuit. *Nasca*, Case No. 22-cv-06134-YGR, Dkt. 12 (N.D. Cal. Mar. 8, 2023).

5. Less than two weeks later, on March 21, 2023, Plaintiffs re-filed the *Nasca* action against the TikTok Defendants and, for the first time, named Defendants Metropolitan Transportation Authority, MTA Long Island Railroad, Long Island Railroad, and the Town of Islip

(the "MTA Defendants"). This Complaint was filed in the Supreme Court of the State of New York, Suffolk County (the "State Court Action"), bearing Index No. 607250/2023 (the "Compl.").

6. The TikTok Defendants removed the case to federal court on the basis that the MTA Defendants were not properly joined and that Plaintiffs had therefore circumvented federal diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs moved the federal court to remand the case to state court and the district court granted the motion to remand, finding the MTA Defendants were properly joined under the "liberally construed" New York joinder law. *Nasca*, No. 2:23-cv-02786-NGG-JMW, Dkt. 36, Mem. & Ord. at 4 (E.D.N.Y. Oct. 27, 2023).

7. In their briefing on the motion to remand, Plaintiffs contended that the TikTok Defendants' proper remedy *was to pursue severance in the state court* after remand, stating:

   a. "The TikTok Defendants' proper remedy is to seek severance in state court, then remove if severance is successful" (*Id.*, Dkt. 15, Pls.' Mot. to Remand at 7); and

   b. "If the Supreme Court of Suffolk County finds that joinder was improper and grants severance, [the TikTok Defendants] will be free to remove this case under § 1441(a)" (*Id.*).

8. The federal court appeared to adopt Plaintiffs' position regarding the TikTok Defendants' ability to seek severance in state court and then later remove the matter to federal court, stating:

   a. "If New York joinder law is not so liberal as to allow the joinder of both TikTok and the MTA as defendants, a New York court can sever the claims, at which point [the TikTok Defendants] will be able to again seek removal and transfer the case to the MDL." (*Id.*, Dkt. 36 Mem. & Ord. at 8-9).

9. On January 8, 2024, the TikTok Defendants filed a motion to sever in the state court. On March 19, 2024, the state court granted the motion to sever "in its entirety," ordering that "the causes of action alleged in the complaint in the above-entitled action be and the same are hereby severed into two actions, to wit: one including claims against the TikTok [D]efendants and the other action including claims against the MTA [D]efendants and the Town of Islip." State Court Action, March 19, 2024 Order at 3. *See* Exhibit A.

10. Following the grant of the motion to sever, this case is properly removed to this Court under 28 U.S.C. § 1441 because: (1) the TikTok Defendants have satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

## VENUE AND JURISDICTION

11. Venue is proper in this Court because the Supreme Court of the State of New York, County of Suffolk, is located in the Eastern District of New York. The Eastern District of New York, accordingly, is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

(a) this is a civil action within the meaning of Section 1332(a);

(b) the properly joined parties are citizens of different states, as required by Section 1332(a)(1); and

(c) the amount in controversy exceeds $75,000, as required by Section 1332(a).

## BASIS FOR REMOVAL

**I.   TikTok Defendants Have Satisfied The Procedural Requirements For Removal.**

13. Plaintiffs served the Complaint on TikTok Inc. and ByteDance Inc. on March 27, 2023. ByteDance Ltd., a foreign corporation, has not been served in accordance with the requirements of service on foreign entities. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because the TikTok Defendants filed this Notice of Removal within 30 days after the Court's order granting severance. *Alvarado v. Sweetgreen, Inc.*, No. 23-cv-8948 (LJL), 2024 WL 182761, at *12 (S.D.N.Y. Jan. 17, 2024) ("The removal timeframe resets when a defendant receives 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. § 1446(b)(3). A state court's 'order' severing a case's non-diverse defendants would satisfy that provision."). The Notice of Removal is also timely filed under 28 U.S.C. § 1446(c)(1) because the TikTok Defendants filed the Notice of Removal less than one year after the commencement of the action on March 21, 2023.

14. The TikTok Defendants are the only properly joined defendants and all join this removal. ByteDance Ltd. need not join in or consent to the removal of this action as it has not been properly served. *See* 28 U.S.C. § 1446(b)(2)(A).

15. The TikTok Defendants attach a copy of all process, pleadings, and orders served, including summonses and petitions, as **Exhibit A**. A copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Supreme Court of the State of New York, County of Suffolk. *See* 28 U.S.C. § 1446(d).

16. The Civil Cover Sheet and the TikTok Defendants' Corporate Disclosure Statement are attached as **Exhibit B** and **Exhibit C**, respectively. *See* Loc. Civ. R. 4; Fed. R. Civ. P. 7.1.

## II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.

17. Removal is proper under 28 U.S.C. § 1332 because: (1) Plaintiffs and the TikTok Defendants are diverse; and (2) Plaintiffs' claims against the TikTok Defendants place more than $75,000 in controversy, exclusive of costs and interest.

### A. Complete Diversity of Citizenship Exists Between Plaintiffs and TikTok Defendants.

18. For purposes of diversity jurisdiction, the personal representative of an estate has the same citizenship as the decedent. 28 U.S.C. § 1332(c)(2).

19. Each Plaintiff is an individual and a citizen of New York. Chase Nasca was also a citizen of New York. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [which] is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

20. In the original *Nasca* action, Plaintiffs alleged their New York residency as a basis for diversity of citizenship between the parties. MDL Compl. at ¶¶ 9, 17 (alleging that because Plaintiffs "are individuals residing in Bayport, New York," "Plaintiffs and Defendants are residents and citizens of different states" and therefore "[t]his Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a).").

21. In this action, Plaintiffs similarly allege that they are residents of "Suffolk County in the State of New York." Compl. at ¶¶ 11-12 (included in Exhibit A). Residence is *prima facie* evidence of domicile, *Galu v. Attias*, 923 F. Supp. 590, 595 (S.D.N.Y. 1996), and while domicile "is more than an individual's residence, … the two typically coincide," *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991). Moreover, where, as here, a party resides in only one state, courts have treated the state of residence as the state of domicile. *See, e.g.*, *Morrison*

*v. Blitz*, Case No. 88 CIV 5607 (MBM), 1996 WL 403034, at *1 (S.D.N.Y. July 18, 1996) ("Determining the domicile and citizenship of a person who resides only in one state is a relatively simple task—that person is domiciled in the state in which he lives."). Accordingly, Plaintiffs are citizens of New York for purposes of determining diversity of citizenship.

22. Each of the TikTok Defendants is a citizen of a state other than New York. The TikTok Defendants are corporations. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

23. Defendant ByteDance Ltd. is a foreign corporation and is subject to § 1332(c)'s dual citizenship provision just as domestic corporations are. *See, e.g.*, *Brauner v. Brit. Airways PLC*, Case No. 12-cv-00343, 2012 WL 1229507, at *3 (E.D.N.Y. Apr. 12, 2012). ByteDance Ltd. is "headquartered in Beijing and incorporated in the Cayman Islands." Compl. at ¶ 14. Accordingly, ByteDance Ltd. is a citizen of China and the United Kingdom for diversity of citizenship purposes. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 100 (2002) (the Cayman Islands are part of the British Overseas Territories and are therefore considered "citizens or subjects" of the United Kingdom).

24. Defendant ByteDance Inc. "is a Delaware corporation with its principal place of business in Mountain View, CA." Compl. at ¶ 16. Accordingly, ByteDance Inc. is a citizen of Delaware and California for diversity of citizenship purposes.

25. Defendant TikTok Inc. "is a California corporation with its principal place of business in Culver City, CA." Compl. at ¶ 17. Accordingly, TikTok Inc. is a citizen of California for diversity of citizenship purposes.

26. There is, consequently, complete diversity between Plaintiffs and Defendants (including the TikTok Defendants and ByteDance Ltd., which has not been served). This action is subject to 28 U.S.C. § 1332(a)(3) as a controversy between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." *See also IGY Ocean Bay Properties, Ltd., v. Ocean Bay Properties I Ltd.*, 534 F.Supp.2d 446, 449 (S.D.N.Y. 2008) (the "additional parties" provision in the diversity jurisdiction statute "applies when the dispute involves citizens of different domestic states on opposite sides, along with foreign citizens on either side . . . .").

### B. The Amount-in-Controversy Requirement is Satisfied.

27. The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied because it is clear from the face of Plaintiffs' Complaint that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. §1332(a).

28. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 89 (2014). The TikTok Defendants take no position as to which of the Complaint's allegations are admitted or denied at this stage, reserve the right to deny the Complaint's factual allegations, and deny that Plaintiffs are entitled to any relief. Based on the allegations in the Complaint, however, the amount in controversy exceeds $75,000.

29. In this case, it is facially apparent that there is a "plausible allegation," given the severity of Plaintiffs' alleged injuries, that the amount in controversy exceeds $75,000. *See James v. Gardner*, Case No. 04-cv-01380, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004) (noting that although the complaint only stated that the $25,000 jurisdictional requirement for New York state court was met, defendant showed a reasonable probability that damages exceeded $75,000 when complaint alleged "severe and permanent personal injuries"). Plaintiffs seek compensatory

damages and other relief related to the death of their child. Indeed, "common sense dictates the amount in controversy would likely exceed $75,000, given that the claims at issue are based on the death of a human being." *Travelers Prop. Cas. Co. of Am. v. Eastman Kodak Co.*, Case No. 16-cv-00465, 2016 WL 11491579, at *3 (M.D. Fla. Aug. 1, 2016).

\*   \*   \*

**WHEREFORE,** the TikTok Defendants submit that this action is now properly removed from the Supreme Court of the State of New York, Suffolk County, that the State Court has been divested of jurisdiction over this action pursuant to 28 U.S.C. § 1446(d) and shall proceed no further unless and until the case is remanded, and that this action is properly before this Court.

Dated:  March 20, 2024

Respectfully submitted,

/s/ *Kristen Fournier*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Andrea R. Pierson (*pro hac forthcoming*)
Andrew L. Campbell (*pro hac forthcoming*)
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: +1 317 237 0300
Facsimile: +1 317 237 1000
Email: andrea.pierson@faegredrinker.com
         andrew.campbell@faegredrinker.com

M. Joseph Winebrenner (*pro hac forthcoming*)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 612 766 7000
Facsimile: +1 612 766 1600
Email: joe.winebrenner@faegredrinker.com

**KING & SPALDING LLP**

Kristen R. Fournier (N.Y. Bar No. 4439857)
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Telephone: + 1 (212) 556 2100
Facsimile: + 1 (212) 556 2222
Email: kfournier@kslaw.com

Geoffrey M. Drake (*pro hac forthcoming*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com

David Mattern (N.Y. Bar No. 5228341)
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: +1 202 626 2946
Email: dmattern@kslaw.com

*Attorneys for Defendants ByteDance Inc. and TikTok Inc.*